# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRENNA O'BRIEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WYNN LAS VEGAS, LLC,<br><br>　　　　　Defendant. | Case No. 2:17-cv-02801-JAD-DJA<br><br>**REPORT AND RECOMMENDATION** |

　　　　This matter is before the Court on pro se plaintiff Brenna O'Brien's Amended Complaint (ECF No. 8). She was previously granted the ability to proceed *in forma pauperis* and her original Complaint was dismissed with leave to amend. (ECF Nos. 4 and 7). The Court will now screen her Amended Complaint under 28 U.S.C. § 1915(e)(2).

　　　　In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff alleges she began working as a server at La Cave on May 11, 2016. She indicates that she saw a post on a private, employee-only, Facebook page regarding what she construed to be a terrorist threat. Plaintiff alleges she submitted a report regarding the post and response to the post to management, security, and human resources at Wynn. Subsequently, her employment was terminated. As a result, Plaintiff filed this lawsuit with three claims for relief: defamation, intentional infliction of emotional distress, and negligence.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff does not allege facts invoking this District Court's jurisdiction. She alleges three claims based on Nevada law and therefore does not invoke the Court's federal question jurisdiction. Additionally, the amount in controversy is not alleged to be $75,000 and Plaintiff admits in the Amended Complaint that not all parties are diverse. For example, she alleges that Defendants Richard Gallen, Ralph-Rendel Dinglasan, Aaron Murningham, Mark Hftner, and Genevieve Hopkins are residents and citizens of Nevada, like her. Therefore, she does not allege facts invoking the Court's diversity jurisdiction. As the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing that jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). Given that amendment would be futile, the Court will recommend that this case be dismissed for lack of subject-matter jurisdiction with prejudice.

### RECOMMENDATION

IT IS THEREFORE RECOMMENDED that this case be dismissed for lack of subject matter jurisdiction with prejudice.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 17, 2019.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE